UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIRIAM ANDRADE,<br><br>    Plaintiff,<br><br>  v.<br><br>ARBY'S RESTAURANT GROUP, INC., et al.,<br><br>    Defendants. | Case No. 15-cv-03175 NC<br><br>**ORDER GRANTING ARG'S MOTION TO DISMISS AND GRANTING LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 20-36 |

In this employment action, plaintiff Andrade sues her supervisor, franchisee Altamira, and franchisor Arby's Restaurant Group (ARG). Currently before the Court is ARG's motion to dismiss Andrade's first amended complaint on grounds that Andrade has failed to allege sufficient facts that ARG was her employer at the time of the alleged misconduct.

**I.   BACKGROUND**

Andrade filed her first complaint in Santa Clara County Superior Court. Dkt. No. 1. The defendants removed the action to federal court,[1] where the operative complaint is

---

[1] All parties have consented to the jurisdiction of a Magistrate Judge. Dkt. Nos. 5, 6, 13, 24; 28 U.S.C. § 636(c).
Case No. 15-cv-03175 NC

Andrade's first amended complaint.[2]  *See* Dkt. No. 16.  During the relevant time period, Andrade worked as a cashier for an Arby's Restaurant located in Sunnyvale, California, which is owned and operated by Altamira.  Dkt. No. 16 (First Amended Complaint) at ¶ 3.  Andrade alleges that she was (1) not compensated for all her hours worked, (2) not consistently paid minimum wage, (3) not given breaks to which she was entitled, and (4) not paid for overtime.  FAC at ¶¶ 48, 39, 23-26.  Further, Andrade alleges that her former supervisor, Petro Mota, subjected her to sexual harassment, both "on-the-job" and "via text messages."  FAC at ¶¶ 27, 31.  Mota allegedly grabbed Andrade, hugged her tightly, pushed her against the wall, pursued her when she sought to escape, pushed her against a table, and forcibly held her while kissing her neck.  FAC at ¶¶ 33-35.  Andrade claims that she reported this incident to her supervisor, "but no investigation ever took place."  FAC at ¶ 36.

Currently before the Court is ARG's motion to dismiss all of the claims against it.  Dkt. No. 20.  Altamira concedes that it was Andrade's employer at the time of the alleged misconduct.  Dkt. No. 18.  Mota concedes that he was employed by Altamira at the time of the alleged misconduct and was a co-worker of Andrade, although he disputes that he was her supervisor.  Dkt. No. 19 at 2.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  On a

---

[2] The first amended complaint contains nineteen causes of action: (1) sexual harassment in violation of the California Fair Employment and Housing Act (FEHA); (2) sexual battery; (3) non-sexual battery; (4) assault; (5) failure to prevent harassment and failure to prevent battery in violation of FEHA; (6) failure to pay wages under the FLSA; (7) failure to page wages under California labor code; (8) liquidated damages; (9) failure to provide meal and rest periods; (10) waiting time penalties; (11) violations of California Labor Code §§ 204 and 210; (12) failure to provide accurate wage statements; (13) civil penalties under California Labor Code § 558; (14) violation of the California Labor Code Private and Attorney General Act of 2004 (PAGA); (15) unlawful, unfair and fraudulent business practices; (16) unlawful retaliation; (17) wrongful termination in violation of public policy; (18) negligent training; and (19) violation of the Ralph Civil Rights Act, codified in California Civil Code § 51.7.

Case No. 15-cv-03175 NC            2

motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III.  DISCUSSION

ARG seeks to dismiss all of Andrade's claims against it without leave to amend. Dkt. No. 20 at 7. ARG claims that Andrade's first amended complaint fails to allege facts that ARG was her employer, fails to allege facts that she exhausted her administrative remedies, and that her California state law claims are "derivative" of her federal claims and should therefore be dismissed as well. *Id*.

####    A.    ARG's Request For Judicial Notice of Its Licensing Agreement With Altamira.

In support of its argument that it is not Andrade's employer, ARG requests judicial notice of its licensing agreement with Altamira. Dkt. No. 21. "The court may judicially notice a fact that is not subject to reasonable dispute because it . . . is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201 (b)(1)-(2). The "incorporation by reference" doctrine allows judicial notice of a document attached by a defendant to a motion to dismiss when a "plaintiff's claim depends on the

Case No. 15-cv-03175 NC           3

1   contents of a document" and "the parties do not dispute the authenticity of the document,
2   even though the plaintiff does not explicitly allege the contents of that document in the
3   complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). "[H]owever, courts
4   may not take judicial notice of facts subject to reasonable dispute." *United States v. Kiewit*
5   *Pac. Co.*, 41 F. Supp. 3d 796, 802 (N.D. Cal. 2014). The licensing agreement is not
6   dispositive of Altamira's relationship with ARG, Andrade's claim does not depend on its
7   contents, and Andrade has not stipulated to its authenticity. The Court therefore denies
8   ARG's request for judicial notice of the document.

### B. Has Andrade Alleged Facts To Show That ARG Was Her Employer?

The first issue is whether Andrade has alleged facts that ARG was her employer and is therefore properly a defendant in this lawsuit. The complaint must allege sufficient fact to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff seeking to hold multiple entities liable as joint employers must plead specific facts that explain how the defendants are related and how the conduct underlying the claims is attributable to each." *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at *18 (C.D. Cal. July 16, 2015); *U.S. E.E.O.C. v. Am. Laser Centers LLC,* 2010 WL 3220316, *5 (E.D. Cal. Aug. 13, 2010).

Andrade's nineteen claims include alleged violations of California labor law, federal wage and employment law, and vicarious liability for tortious conduct by her supervisor Mota. Under California law, an employee-plaintiff must show that a franchisor was in fact her joint employer in order to assert wage and hours claims against it. *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 5654853, at *2 (N.D. Cal. Sept. 25, 2015) (the franchisor defendants "are potentially liable under plaintiffs' California Labor Code claims only if they employ the plaintiffs and the putative class"). A franchisor "becomes potentially liable for actions of the franchisee's employees, only if it has retained or assumed a general right of control over factors such as hiring, direction, supervision, discipline, discharge, and relevant day-to-day aspects of the workplace behavior of the franchisee's employees." *Patterson v. Domino's Pizza, LLC*, 60 Cal.4th

474, 497-98 (2014).  Finally, although the FLSA definition of "employer" is broad enough to be called "the broadest definition that has ever been included in any one act," *Torres-Lopez v. May*, 111 F.3d 633, 638 (9th Cir. 1997) (citing *United States v. Rosenwasser*, 232 U.S. 360, 363, n. 3 (1945)), conclusory statements that provide only legal conclusions will not suffice.  *Adedapoidle-Tyehimba v. Crunch, LLC*, No. 13-CV-00225-WHO, 2013 WL 4082137, at *1 (N.D. Cal. Aug. 9, 2013) (granting the defendants' motion to dismiss the plaintiff's FLSA claims because he had "not adequately pleaded a basis for finding them liable as his joint employers or as alter-egos of his direct employer").

Here, Andrade's complaint alleges that ARG and Altamira "jointly employed" Andrade on or around February 19, 2014.  FAC at ¶ 6.  She alleges that ARG and Altamira each acted as a "partner, agent, servant and employee" of each other.  FAC at ¶ 9.  Thereafter, the complaint begins each allegation with the phrase "ARBY'S and ALTAMIRA."  For example, it states, "ARBY'S and ALTAMIRA did not accurately record the hours worked, overtime, nor meal breaks taken."  FAC at ¶ 48.  However, it does not allege facts plausibly showing that ARG made decisions about employee hours, breaks, or hiring and firing at the Sunnyvale franchisee.

In contrast, in *Ochoa*, the plaintiffs "submitted declarations stating that they believed McDonald's was their employer, in part because they wear McDonald's uniforms, serve McDonald's food in McDonald's packaging, receive paystubs and orientation materials marked with McDonald's name and logo, and . . . applied for a job through McDonald's website."  *Ochoa*, 2015 WL 5654853, at *8 (N.D. Cal. Sept. 25, 2015).  The *Ochoa* court denied summary judgment because the plaintiffs had supplied "evidence from which a jury could reasonably conclude that McDonald's and [the franchisee] shared an ostensible agency relationship."  *Id.*  The *Ochoa* plaintiffs also alleged specific acts on the part of the franchisor, including "failing to train [the franchisee] appropriately on the [] timekeeping and payroll systems . . . pressuring [the franchisee] to cut labor costs," and other interactions between the franchisor and franchisee that directly impacted the plaintiffs' working conditions.  *Id*. at *2.  In her opposition to ARG's motion to dismiss, Andrade

references her uniform and the ARG logo, but those facts are not set out in the FAC. Instead, Andrade's complaint alleges no specific facts suggesting that ARG was her employer, only conclusory statements that ARG and Altamira "controlled" her work conditions.

Likewise, counts one through six of the amended complaint relate to alleged sexual harassment by Mota, and ARG and Altamira's failure to prevent that harassment. In *Patterson*, "a male supervisor employed by a franchisee allegedly subjected a female subordinate to sexual harassment while they worked together at the franchisee's pizza store. The victim . . . sued the *franchisor,* along with the harasser and franchisee. The plaintiff claimed that because the franchisor was the 'employer' of persons working for the franchisee, and because the franchisee was the 'agent' of the franchisor, the latter could be held vicariously liable for the harasser's alleged breach of statutory and tort law." *Patterson*, 60 Cal. 4th at 477 (emphasis in original). At the summary judgment stage, the court found that the plaintiff had not proved sufficient facts to hold Domino's liable for the tortious acts of an employee of its franchisee. Here, at the motion to dismiss stage, Andrade need only allege facts showing a joint employer relationship between ARG and Altamira. However, the complaint states only that "ARBY'S and ALTAMIRA, upon information and belief, jointly employed ANDRADE during the relevant time period." Dkt. 16 at 3. When making allegations of harassment and sexual harassment by Mota, Andrade states that she "notified ARBY'S and ALTAMIRA of the harassment, but no investigation ever took place." FAC at ¶ 36. However, the complaint does not state with specificity how Andrade provided notice to either Altamira or ARG. These conclusory statements do not allege that ARG controlled or co-managed the Sunnyvale franchisee with Altamira, or received notice of the alleged harassment.

Andrade argues that the cases cited by ARG are inapposite because they "involved summary judgment proceedings — i.e., after the parties have completed discovery." Dkt. No. 30 at 10. In the cases cited by ARG, "the courts found the full records did not support arguments that the franchisor defendants were plaintiffs' employers." *Id*. This is distinct

from ARG's 12(b)(6) motion to dismiss because we are in the pleading stage and therefore no discovery has been conducted. *Id.* Andrade is not required to prove her allegations at this stage, but she must allege facts to show plausible claims against each defendant. Because Andrade has not alleged facts showing that ARG controlled her employment or Altamira's employment of her, the complaint must be dismissed as to ARG.

### C. Has Andrade Alleged Sufficient Facts To Show That She Has Exhausted Her Administrative Remedies As Required For Her FEHA Claim?

ARG argues that Andrade's claims in her First, Fifth, and Sixteenth Causes of Action alleging violations of the Fair Employment and Housing Act (FEHA), must also be dismissed because she has failed to plead exhaustion of required administrative remedies as to ARG, which is a prerequisite of bringing these claims.

Before filing a civil action alleging FEHA violations, "an employee must exhaust his or her administrative remedies" with the Department of Fair Employment and Housing (DFEH). *Wills v. Superior Court*, 194 Cal. App. 4th 312, 153 (2011), *as modified on denial of reh'g* (May 12, 2011). Exhaustion includes the timely filing of administrative complaints addressing the claims and parties at issue, as well as the procurement of right-to-sue-letters. *Romano v. Rockwell Int'l, Inc.*, 14 Cal. 4th 479, 492 (1996) (an employee "must obtain from the [DFEH] a notice of right to sue in order to be entitled to file a civil action in court based on violations of the FEHA"). It is the "plaintiff's burden to plead and prove timely exhaustion of administrative remedies, such as filing a sufficient complaint with [DFEH] and obtaining a right-to-sue letter." *Garcia v. Los Banos Unified Sch. Dist.*, 418 F. Supp. 2d 1194, 1215 (E.D. Cal. 2006).

Here, Andrade alleges that she filed a DFEH complaint against "DEFENDANTS" and that the DFEH issued a right-to-sue letter. FAC at ¶¶ 12-13. However, Andrade did not attach the DFEH complaint or jurisdictional right-to-sue letter. Andrade did not plead specific facts showing that her DFEH complaint was filed against ARG (as opposed to against Altamira or Mota), identifying the date on which the alleged DFEH complaint was filed, the substance of her DFEH complaint, and the date on which the DFEH issued the

Case No. 15-cv-03175 NC     7

alleged right-to-sue letter.

Andrade argues that "there is no such requirement that Plaintiff must attach her DFEH Complaints or right-to-sue notices from the DFEH." Dkt. No. 30 at 19. Andrade claims that "[t]his level of specificity . . . is not required in the pleadings" under Rule 8. *Id*. Andrade is not required to attach the right-to-sue letter to her complaint, but she must allege facts regarding who the letter permits her to sue and on what grounds. *Garcia*, 418 F. Supp. 2d at 1215.

### D. Is Andrade's Cause of Action Under California Business & Professions Code § 17200 Derivative Of Her FLSA and FEH Claims?

Andrade pleads that her employers' violations of the FLSA and Labor Code also constitute violations of California Business & Professions Code § 17200. FAC at ¶ 184. ARG argues that because these claims are derivative they must be dismissed if the above claims fail. In her opposition to the motion to dismiss, Andrade does not address this question.

Claims brought under § 17200 are derivative claims. *White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089-90 (N.D. Cal. 2007) (section 17200 claim fails as derivative claim). Therefore, they are dismissed with the FEHA and FLSA claims. However, the Court is affording Andrade a chance to amend the complaint. If her FEHA and FLSA claims can be cured, then her § 17200 claims may also survive.

## IV. CONCLUSION

Because Andrade has failed to allege facts showing that ARG was her joint employer, and has further failed to allege facts showing that she exhausted her administrative remedies as required for her FEHA claim, the motion to dismiss the first amended complaint is GRANTED. However, Andrade may amend her complaint to allege specific facts supporting her causes of action if she wishes. Andrade must submit an amended complaint no later than November 17, 2015. Fed. R. Civ. P. 12(a)(4)(B).

1     **IT IS SO ORDERED.**

3     Dated: November 3, 2015            _____
                                                   NATHANAEL M. COUSINS
                                                   United States Magistrate Judge